GEORGE CHAPMAN, EMPLOYEE v. SOUTHERN IMPORT COMPANY, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER

No. 8210IC631

(Filed 5 July 1983)

1. **Evidence § 50.1— medical expert testimony—nature of injury—proper**

   A medical doctor's opinion testimony concerning the extent of plaintiff's preexisting disability was properly admitted where it was based upon his own examination of the plaintiff, including X-ray examination of his back, as well as the medical history prior to the accident which was related to the doctor by the plaintiff.

2. **Master and Servant § 67.3— partial disability of back—preexisting condition—sufficiency of evidence**

   Reviewing collectively the medical testimony of two experts, the evidence was sufficient to support a finding of the Industrial Commission that plaintiff sustained a fifteen percent permanent partial disability of his back as a result of an accident.

APPEAL by plaintiff from Order of the North Carolina Industrial Commission filed 9 April 1982. Heard in the Court of Appeals 21 April 1983.

On 18 January 1979 plaintiff sustained an injury by accident arising out of and in the course of his employment. Defendants admitted liability and agreed to pay plaintiff compensation for temporary total disability from the date of the accident until 5 September 1980. On 9 June 1981 an Industrial Commission hearing was held before the Chief Deputy Commissioner for determination of the amount of additional compensation, if any, plaintiff was entitled to for permanent partial disability of his back. On 13 July 1981 an opinion and award was filed granting plaintiff additional compensation for a period of thirty weeks for a ten percent permanent partial disability of the back. On appeal to the Full Commission, the matter was remanded for additional

evidence. On 9 April 1982, the Full Commission entered an opinion and award which affirmed the award of the Chief Deputy Commissioner with the modification that plaintiff was awarded additional compensation for a period of forty-five weeks for a fifteen percent permanent partial disability of the back. From this opinion and award, plaintiff appeals.

*Hewlett & Collins, by John C. Collins, for plaintiff appellant.*

*Crossley & Johnson, by Robert W. Johnson, for defendant appellee.*

EAGLES, Judge.

[1] Plaintiff first argues that the Chief Deputy Commissioner was in error in finding that plaintiff had a twenty-five percent permanent partial disability of the back as a result of prior spinal fusions. This finding was based upon the testimony of the examining doctor, Dr. Dorman. Plaintiff contends that the doctor's opinion was mere speculation since he did not consult with Dr. McGillicuddy, the doctor who had previously performed the surgery on plaintiff's back, and did not actually review the earlier medical records in determining his estimate of plaintiff's preexisting disability. We find this argument to be entirely without merit. Dr. Dorman based his opinion of the extent of plaintiff's preexisting disability upon his own examination of the plaintiff, including X-ray examination of his back, as well as the medical history prior to the accident which was related to him by the plaintiff. A medical history given to an examining physician by the patient for the purposes of treatment is deemed inherently reliable. The examining physician may base his medical opinion, in part, upon these statements. *Booker v. Medical Center,* 297 N.C. 458, 256 S.E. 2d 189 (1979). Dr. Dorman's personal examination of the plaintiff, along with plaintiff's medical history, constituted a sufficient basis for his opinion. Furthermore, plaintiff's assignment of error is to a finding made by the Chief Deputy Commissioner. An appeal to this Court may be taken only from the opinion and award of the Full Commission. *Cf., Hollowell v. North Carolina Department of Conservation and Development,* 201 N.C. 616, 161 S.E. 89 (1931) (appeal lies in Superior Court only from award of Full Commission, decided prior to 1967 amendment of G.S. 97-86). After remand for additional evidence, the Full Commission had before it the deposition testimony of Dr. McGillicuddy. This assignment of error is overruled.

[2] Plaintiff also argues that there was no competent evidence to support the modified finding by the Full Commission that plaintiff sustained a fifteen percent permanent partial disability of the back. In its review of an Order from the Industrial Commission, this Court does not weigh the evidence which was before the Commission. *Russell v. Yarns, Inc.*, 18 N.C. App. 249, 196 S.E. 2d 571 (1973). "If there is evidence of substance which directly or by reasonable inference tends to support the findings, the Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary." *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 291, 229 S.E. 2d 325, 330 (1976), *rev. denied*, 292 N.C. 467, 234 S.E. 2d 2 (1977). The opinion of Dr. Dorman was to the effect that plaintiff now suffered a thirty-five percent permanent partial disability of the back and rated his previous permanent partial disability of the back at twenty-five percent. Dr. McGillicuddy stated on deposition that in his opinion the prior spinal fusions in plaintiff's back would have resulted in a five percent permanent partial loss of function of the spine. Reviewing collectively the medical testimony of these two experts, we hold that the evidence does support the finding of the Full Commission that plaintiff sustained a fifteen percent permanent partial disability of the back as a result of the accident. *See, Perry v. Furniture Company*, 296 N.C. 88, 249 S.E. 2d 397 (1978). Since it is supported by competent evidence, we are bound by this finding even though the evidence would have supported a finding of disability of a different degree.

The order of the Full Commission is

Affirmed.

Judges WELLS and BECTON concur.