WENDLE SHEEHAN, EMPLOYEE, PLAINTIFF v. PERRY M. ALEXANDER CONSTRUCTION COMPANY, EMPLOYER, SELF-INSURED, PCA SOLUTIONS, SERVICING AGENT, DEFENDANT

No. COA01-606

(Filed 4 June 2002)

**1. Workers' Compensation— back injury—date treatment sought—orthopaedic clinic rather than triage area—typographical error**

The Industrial Commission did not err in focusing on the date that plaintiff was seen in the orthopaedic clinic of a hospital for

SHEEHAN v. PERRY M. ALEXANDER CONSTR. CO.

[150 N.C. App. 506 (2002)]

a back injury rather than the date on which plaintiff was seen in the triage area of the hospital, and the Commission's use of the incorrect year was a typographical error which was not a ground for reversal.

## 2. Workers' Compensation— credibility—doctor's testimony—history given by plaintiff

The Industrial Commission did not act arbitrarily or contrary to reason in concluding that plaintiff failed to carry his burden of proving that his back injury is compensable where the only record evidence of how plaintiff injured his back consists of the account given by plaintiff and the statements of others, including doctors, that are based on plaintiff's account. Once the Commission determined that plaintiff's account of his injury was not credible, it acted within its authority in refusing to give much weight to a doctor's history which was based upon the history supplied by plaintiff. The Commission's credibility determinations were within its discretion and its findings are supported by competent evidence.

## 3. Workers' Compensation— consideration of evidence—determination of credibility

The Industrial Commission in a workers' compensation action on remand from the Court of Appeals considered the evidence appropriately where the Commission determined that plaintiff's account of his injury was not credible and decided not to rely on the portion of the medical evidence based on plaintiff's account. The Commission may not discount or disregard evidence, but may choose not to believe evidence after considering it.

Appeal by Plaintiff from opinion and award entered 14 February 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 February 2002.

*H. Paul Averette, for plaintiff-appellant.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Elizabeth M. Stanaland and Paul A. Daniels, for defendant-appellee.*

HUDSON, Judge.

Wendle Sheehan ("plaintiff") appeals from an opinion and award of the North Carolina Industrial Commission (the "Commission") denying him workers' compensation benefits. We affirm.

Plaintiff was born on 19 June 1948. He has a ninth-grade education and served in the U.S. Army from 1966 until 1969. Since his discharge from the Army, plaintiff has worked primarily in heavy equipment and construction. Prior to his employment with Perry M. Alexander Construction Company ("defendant"), plaintiff had a history of lower back problems and work-related injuries. He underwent three lumbar procedures in 1980, 1982, and 1990. Although plaintiff continued to experience pain and discomfort in his back following the 1990 surgery, he was able to work.

Plaintiff began working as a bulldozer operator for defendant in November 1990. He alleges that on 13 April 1992, while he was working at a construction site in Marion, North Carolina, he hurt his back while operating the bulldozer. According to plaintiff's testimony before the Deputy Commissioner, he backed up his bulldozer over a large rock, and the bulldozer fell about three to four feet, jarring him and causing pain in his back and down his leg.

On 4 May 1992, plaintiff went to the emergency room at Transylvania Community Hospital, where he reported that he had hurt his back in a bulldozer accident. Plaintiff continued to work, although he experienced continual pain and discomfort. On 19 May 1992, plaintiff was terminated from his job with defendant.

On 27 July 1992, plaintiff began a course of treatment at the Veteran's Administration Medical Center (the "VAMC"). He reported to medical personnel at the VAMC that he had injured his back in a bulldozer accident. He was first seen in the orthopaedic clinic of the VAMC on 17 August 1992. On 8 November 1993, after his leg gave way causing him to fall at home, plaintiff was seen by Glyndon B. Shaver, Jr., M.D., Chief of Orthopaedic Surgery at the VAMC.

Plaintiff filed a Form 18, Notice of Accident to Employer, on 18 September 1992, and defendant denied workers' compensation to plaintiff. Plaintiff's claim was heard by a Deputy Commissioner on 26 November 1996. The Deputy Commissioner awarded compensation, and defendant appealed. On 1 September 1999, the Full Commission reversed the Deputy Commissioner's opinion and award, and plaintiff appealed to this Court.

In an unpublished opinion, we vacated the opinion and award of the Full Commission. We overruled several assignments of error to certain of the Commission's findings of fact, but we found merit in plaintiff's assignment of error to the following findings:

11. Plaintiff's claim that he injured his back while operating a bulldozer on 13 April 1992 is not credible.

. . . .

13. Given our finding that plaintiff's claim that he suffered an accidental, work-related injury is not credible, his current condition is due to non-compensable causes.

We held as follows:

> In the case at bar, the Commission impermissibly disregarded the testimony of Dr. Shaver. The Commission made no reference to Dr. Shaver's testimony in its findings of fact or conclusion of law. This omission was error, particularly because Dr. Shaver's testimony corroborated plaintiff's testimony. Accordingly, we vacate the opinion and remand the case to the Commission for it to consider all of the evidence, make complete findings of fact and proper conclusions of law, and enter an appropriate award.

On remand, the Commission replaced the findings of fact quoted above with the following new findings:

11. Plaintiff sought medical treatment for his back on 4 May 1992 at Transylvania Community Hospital and subsequently through the Veteran's Administration Medical Center where he was seen in the orthopaedic clinic on 17 August 1993. Thereafter, plaintiff fell at home when his leg gave way. Consequently, plaintiff was then seen on 8 November 1993 for the first time by Dr. Glyndon Shaver who was Chief of Orthopaedic Surgery at the Veteran's Administration Medical Center. Plaintiff related the alleged injury of 13 April 1992 to Dr. Shaver as well as to several other physicians. Next, Dr. Shaver saw plaintiff on 19 November 1993 at which time plaintiff was rated with a 40-50% permanent partial impairment to the back under the AMA guidelines.

12. Plaintiff's claim that he injured his back while operating a bulldozer on 13 April 1992 is not credible. Furthermore, any medical evidence of record that corroborates plaintiff's alleged injury including the records and testimony of Dr. Shaver is given little weight as it is based on an inaccurate history provided by plaintiff. Moreover, although Dr. Shaver based his opinion that plaintiff suffered an exacerbation of his back condition on 13 April

1993 on a thorough review of plaintiff's medical records, these records also contain inaccuracies and lack credibility.

. . . .

14. Given that plaintiff's claim that he suffered an accidental, work-related injury is not credible and any medical evidence supporting plaintiff's claim including that of Dr. Shaver has been tainted by an inaccurate history provided by plaintiff, plaintiff's current condition is due to non-compensable causes.

Plaintiff now appeals, assigning error to these findings of fact.

On review of a decision of the Commission, we are "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). An appellate court "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (internal quotation marks omitted).

The Full Commission is the "sole judge of the weight and credibility of the evidence." *Deese*, 352 N.C. at 116, 530 S.E.2d at 553. Furthermore,

the Commission does not have to explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible. Requiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradition of not requiring the fact finder to explain why he or she believes one witness over another or believes one piece of evidence is more credible than another.

*Id.* at 116-17, 530 S.E.2d at 553. Additionally, in making its determinations, the Commission "is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead the Commission must find those facts which are necessary to support its conclusions of law." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 602, 532 S.E.2d 207, 213 (2000) (internal quotation marks omitted) (alteration in original); *see* N.C.

Gen. Stat. § 97-86 (1999). Moreover, the Commission must "make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends." *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977).

[1] In his first assignment of error, plaintiff contends that Finding of Fact No. 11 is not supported by competent evidence. In particular, plaintiff assigns error to the finding that "Plaintiff sought medical treatment for his back on 4 May 1992 at Transylvania Community Hospital and subsequently through the Veteran's Administration Medical Center where he was seen in the orthopaedic clinic on 17 August 1993." Plaintiff observes that, according to his medical records from the VAMC, he first sought treatment for his back there on 27 July 1992. Plaintiff argues that the date on which he first sought treatment is a crucial fact, and that the Commission's inaccurate finding of this fact demonstrates that the Commission disregarded competent evidence, namely all of plaintiff's visits to the VAMC occurring between July 1992 and August 1993.

Although plaintiff first sought treatment at the VAMC on 27 July 1992, he was not seen in the orthopaedic clinic until 17 August 1992. We do not believe the Commission erred in focusing on the date that plaintiff was seen in the orthopaedic clinic rather than the date on which plaintiff was seen in the triage area of the hospital, especially since it accurately found that the first date he sought any treatment after the alleged accident was 4 May 1992. With respect to the year, our review of plaintiff's medical records reveals that he was not seen at the VAMC on 17 August 1993, but that he was seen there on 17 August 1992. We agree with defendant that the Commission's use of "1993" rather than "1992" is apparently a typographical error. In light of our disposition of the plaintiff's next contentions, we do not believe that the error is grounds for reversal. Accordingly, this assignment of error is overruled.

[2] Plaintiff next assigns error to Findings of Fact No. 12 and No. 14, on the ground that these findings are "totally unsupported by competent evidence" and are "so arbitrary that they do not appear to be the result of a reasoned decision." Hence, plaintiff argues, the Commission's conclusion that plaintiff's injury was not compensable, being based on unsupported findings, is also in error. We disagree.

Plaintiff contends that there is no competent evidence supporting the Commission's finding that the medical evidence that tends

to corroborate plaintiff's account is based on an inaccurate history provided by plaintiff. Plaintiff observes that "all of Plaintiff's statements given to medical personnel from his first visit to the emergency room on 4 May 1992 and continuing throughout the course of his treatment say the same thing—that he began experiencing pain in his lower back and right leg after being involved in a bulldozer accident on the job in April of 1992." Although this accurately characterizes the record evidence, it does not resolve the credibility of plaintiff's statements, which assessment is not within our province. *See Deese,* 352 N.C. at 116-17, 530 S.E.2d at 553; *see also Weaver v. American National Can Corp.,* 123 N.C. App. 507, 510, 473 S.E.2d 10, 12 (1996) (stating that the Commission is "the sole judge of the credibility of the witness and the weight to be given its testimony" (internal quotation marks omitted)). The fact that plaintiff repeatedly gave the same account of his injury tends to lend credence to that account. Nevertheless, the Commission found that plaintiff's account of his bulldozer accident was not credible, and we cannot overturn the Commission's finding regarding plaintiff's credibility. Moreover, while the Commission is not required to explain its credibility determinations, and this Court does not review the Commission's explanation of its credibility determinations, *see Deese,* 352 N.C. at 116-17, 530 S.E.2d at 553, we note that the Commission found facts that tended to undermine plaintiff's allegation that he sustained an injury at work. For example, the Commission made the following findings of fact, which we affirmed as supported by the record when this case was previously before us:

> 7. Randy Lee Keever, plaintiff's co-worker, testified that there were no large rocks on the Marion project site at the time plaintiff was operating his bulldozer. Plaintiff was scraping topsoil and spreading dirt, and no rocks were unearthed until later in the project when the digging was much deeper. Plaintiff's explanation of the cause of the alleged specific traumatic incident is deemed not credible.

> 8. Plaintiff claimed to have told one of the pan operators, probably Randy Keever, to report to Jerry Cochran that plaintiff had hurt himself. Thereafter, plaintiff testified that he told Cochran himself of the injury. Plaintiff stated that Mr. Cochran was the grading foreman and in charge of the job. Plaintiff did not work the rest of the day, and Cochran finished the dozing. Plaintiff stated that he also told another co-worker, Tony Keever, of his injury.

9. Randy Keever testified that plaintiff never told him of a back injury. Karen Smyly, personnel manager and bookkeeper for defendant, testified that she never received an injury report regarding plaintiff's alleged incident. Kevin Hensley, a field mechanic for defendant, was on the Marion job site checking the equipment at least once every day while plaintiff was there. He testified that plaintiff never told him he had injured his back while working there. Leroy Peek, superintendent of the job at which plaintiff claimed to have been injured, testified that plaintiff never reported to him that he had been injured. Further, Mr. Peek worked with plaintiff daily at the next job he worked on, and plaintiff never mentioned that he had incurred a back injury on the Marion job. Mr. Peek also testified that had plaintiff injured his back on the job, he knew the procedures for notifying the office of the injury and obtaining medical care.

Plaintiff also asserts that the history of the injury he provided to medical personnel is "unrefuted and without contradiction" in his medical records. We first note that plaintiff's medical records and Dr. Shaver's testimony suggest that plaintiff did in fact re-injure his back, and the Commission did not make a contrary finding. However, the issue here is not whether plaintiff was injured, but whether his injury was work-related. Plaintiff bears the burden of proving that his injury was work-related. *See Gibbs v. Leggett & Platt, Inc.*, 112 N.C. App. 103, 107, 434 S.E.2d 653, 656 (1993).

The medical records reflect that plaintiff reported to medical personnel that he injured his back in a bulldozer accident, and Dr. Shaver's opinion that plaintiff's back injury was exacerbated by a bulldozer accident was based on the history provided by plaintiff and recorded in his medical records. For example, Dr. Shaver testified that "[t]he history that [plaintiff] gave from the record was that he had injured himself in a bulldozer accident." Dr. Shaver also testified that it was his "considered opinion . . . that Mr. Sheehan, *by history*, had a definite exacerbation of a preexisting condition as the result of his bulldozer accident." (emphasis added). Similarly, Dr. Shaver testified that "Mr. Sheehan's exacerbations, *according to the record, appear to be related to* a bulldozer accident in April, 1992." (emphasis added). After a colloquy revealed that Dr. Shaver did not personally take plaintiff's history, Dr. Shaver testified as follows:

Q. Basically, Dr. Shaver, you read the record . . ., didn't you?

A. Yes.

Q. And the record showed clearly that Mr. Sheehan reported that he had had a bulldozer accident?

A. That's correct.

Q. And not only on just one occasion, but that record indicates that he had made that report several times, does it not?

A. That's true.

Q. Now you may go ahead, if you have an opinion.

A. Well, I have an opinion, and the opinion is that the accident certainly was of the degree that it could have caused a recurrent disk rupture at that level, even though he had been operated on three times previously.

In sum, while Dr. Shaver indicated that plaintiff's condition was consistent with injury in a bulldozer accident, as plaintiff described, Dr. Shaver had no independent knowledge that such an incident occurred.

Once the Commission determined that plaintiff's account of his injury was not credible, it acted within its authority in refusing to give much weight to Dr. Shaver's opinion based on the history supplied by plaintiff. Therefore, we conclude that the Commission's credibility determinations were within its discretion and its findings are supported by competent evidence. *See Chapman v. Southern Import Co.*, 63 N.C. App. 194, 196, 303 S.E.2d 824, 825 (1983) ("If there is evidence of substance which directly or by reasonable inference tends to support the findings, the Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary." (internal quotation marks omitted)).

The only record evidence regarding how plaintiff injured his back consists of the account given by plaintiff and the statements of others that are based on plaintiff's account. Once the Commission rejected that account, no evidence remained indicating that plaintiff sustained his injury in a work-related accident. Accordingly the Commission did not act arbitrarily or contrary to reason in concluding that plaintiff failed to carry his burden of proving that his injury is compensable. *See Gibbs*, 112 N.C. App. at 107, 434 S.E.2d at 656.

[3] In his final assignment of error, plaintiff contends that the Commission failed to consider all of the evidence and make complete

findings of fact, as mandated by this Court on remand. As a result, plaintiff maintains, the Commission failed to make proper conclusions of law and failed to enter an appropriate award. We disagree.

In its first opinion and award, the Commission made no mention whatsoever of Dr. Shaver's testimony. We were thus forced to conclude that the Commission had "impermissibly disregarded the testimony of Dr. Shaver," which it may not do. *See Harrell v. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835, *disc. review denied*, 300 N.C. 196, 269 S.E.2d 623 (1980). Therefore, we remanded for the Commission "to consider all of the evidence, make complete findings of fact and proper conclusions of law, and enter an appropriate award."

Our directive did not require the Commission to comment at length on all of the evidence it reviews. Rather, the Commission is required to make "definitive" factual findings, which are findings sufficient to "determine the critical issues raised by the evidence in [the] case." *Id.*; *see Peagler*, 138 N.C. App. at 602, 532 S.E.2d at 213 ("[T]he Commission must find those facts which are necessary to support its conclusions of law."). In the opinion and award currently before us, the Commission determined that plaintiff's account of the injury was not credible and, as it indicated in Finding of Fact No. 12, decided not to rely on the portion of the medical evidence based on plaintiff's account. *See Weaver*, 123 N.C. App. at 510, 473 S.E.2d at 12 ("The Industrial Commission may not discount or disregard any evidence, but may choose not to believe the evidence *after* considering it."). Therefore, the Commission gave "little weight" to Dr. Shaver's testimony. Finding that plaintiff was not injured in a bulldozer accident as he described, the Commission concluded that "plaintiff's current condition is due to non-compensable causes."

We hold that the Commission considered the evidence appropriately, made sufficient findings of fact, drew proper conclusions of law based thereon, and entered an appropriate award. Accordingly, we affirm the opinion and award.

Affirmed.

Judges MARTIN and CAMPBELL concur.