**CHERNEY v. N.C. ZOOLOGICAL PARK**

[359 N.C. 419 (2005)]

TINYA CHERNEY v. NORTH CAROLINA ZOOLOGICAL PARK

No. 606A04

(Filed 5 May 2005)

**Tort Claims Act— care of tree at State Zoo—State employees involved—negligence of employees not specifically named**

The decision of the Court of Appeals in a Tort Claims case affirming a decision by the Industrial Commission that plaintiff is not entitled to recover for injuries received from a falling ficus tree in the African Pavilion of the State Zoo because she failed to show negligence by the two employees named in her affidavit (the chief gardener and the horticulture curator) is reversed for the reasons stated in the dissenting opinion in the Court of Appeals that plaintiff's affidavit provided sufficient notice to allow defendant to narrow its investigation to those involved in the maintenance of the ficus tree, including the personnel supervised by the horticulture curator, and that the Commission should have considered whether any of the persons supervised by the curator were negligent in their care and maintenance of the tree.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 166 N.C. App. 684, 603 S.E.2d 842 (2004), affirming a decision and order entered by the North Carolina Industrial Commission on 28 July 2003. Heard in the Supreme Court 19 April 2005.

*Knott, Clark & Berger, L.L.P., by Michael W. Clark, Kenneth R. Murphy, III, and Joe Thomas Knott, for plaintiff-appellant.*

*Roy Cooper, Attorney General, by William H. Borden, Special Deputy Attorney General, for defendant-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.

Justice NEWBY did not participate in the consideration or decision of this case.