COREY McADAMS, Employee, Plaintiff v. SAFETY KLEEN SYSTEMS, INC., Employer, AMERICAN INSURANCE COMPANY, Carrier, SEDGWICK CMS, Servicing Agent, Defendants

No. COA11-805

(Filed 17 January 2012)

**Workers' Compensation—accident—insufficient findings of fact**

An opinion and award by the Industrial Commission in a workers' compensation case was remanded for further findings of fact as to the circumstances of plaintiff's accident and based on the fact that the Commission relied upon the testimony of doctors who may have been provided with an inaccurate account of plaintiff's accident.

Judge BRYANT dissenting.

Appeal by defendants from Opinion and Award entered 24 March 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 November 2011.

*Thomas and Godley, PLLC, by Ben S. Thomas, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Melissa R. Cleary and Tara D. Muller, for defendant-appellants.*

STROUD, Judge.

McADAMS v. SAFETY KLEEN SYS., INC.

[218 N.C. App. 166 (2012)]

On 24 March 2011, the Industrial Commission filed an Opinion and Award awarding plaintiff "temporary total disability compensation in the amount of $754.00 per week[.]" Defendants appealed. We need not substantively address defendants' arguments on appeal as we must remand for further findings of fact and appropriate conclusions of law based on those findings before such arguments can properly be addressed.

## I. Background

It is undisputed that plaintiff sustained a compensable injury when he "was involved in a work-related motor vehicle accident" on 22 March 2007. The dispute involves the type and extent of plaintiff's injuries arising from this accident. In its Opinion and Award the Commission made the following findings of fact:

1. At the time of the hearing before the Deputy Commissioner, plaintiff was 42 years of age. Plaintiff has his GED, and an employment history of working as a truck driver or as a heavy equipment operator. Plaintiff was employed as a vacuum customer service representative with Safety Kleen beginning in July 2004.

. . . .

8. On March 22, 2007, plaintiff was involved in a work-related motor vehicle accident. Defendants admitted the claim as compensable and have paid plaintiff temporary total disability benefits since that time at the maximum weekly compensation rate for 2007 of $754.00. Defendant's also have paid for all approved, related medical treatment.

9. Following the accident, plaintiff prepared a written accident report. Plaintiff checked a box on the form indicating that he was not injured in the accident.

10. In describing the accident on that form, plaintiff wrote:
While making a left hand turn across a two lane other driver was on the inside lane. I crossed the road with plenty of time to make my turn. She then veered to the outside lane for no apparent reason, resulting in hitting me in the rear.

11. The accident report prepared by the police officer who responded to the accident reported:
I asked Driver Number 1 (plaintiff) what happened and he

said he was turning left onto Old Tybee from Highway 80 and saw Vehicle Number 2 coming towards him. Driver Number 1 said Driver Number 2 struck the rear passenger side tires of his vehicle. I asked Driver Number 2 what happened and she said driver of Vehicle Number 1 turned in front of her.

12. Plaintiff's handwritten report and the report of the investigating officer were prepared in close proximity to the accident.

13. In his May 30, 2007 visit with Dr. Dockery, plaintiff indicated that his vehicle was stopped on the side of the road and that he had started to exit the vehicle when the other car, traveling at a speed of 74 mph, read ended his vehicle. He further reported that he was thrown about the cab and may have suffered a loss of consciousness. Plaintiff gave this same account to a physical therapist on June 26, 2007, to Dr. VanNess on July 16, 2007, and to Dr. Hill on November 20, 2007.

The Commission then makes numerous findings of fact regarding the opinions of the various doctors regarding plaintiff's alleged injuries. In summary, the doctors' conclusions ran the gamut, with some of the doctors concluding plaintiff had a variety of injuries and medical conditions and was "unable to return to work" and other doctors concluding that plaintiff had not sustained any serious injury and that "there was nothing preventing [plaintiff] from returning to work[.]" But the Commission failed to make any finding of fact as to what injuries plaintiff actually sustained as a result of his 22 March 2007 accident. The Commission did not reconcile the drastically different versions of the accident as described in findings of fact 9, 10, and 11 as compared to finding of fact 13, nor did it make any finding of fact as to what actually happened.

II.  Necessary Findings of Fact

On review of a decision of the Commission, we are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law. An appellate court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.

The Full Commission is the sole judge of the weight and credibility of the evidence. . . . Moreover, *the Commission must make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends.*

*Sheehan v. Perry M. Alexander Constr. Co.*, 150 N.C. App. 506, 510-11, 563 S.E.2d 300, 303 (2002) (emphasis added) (citations and quotation marks omitted). Furthermore,

[i]t is impossible to exaggerate how essential the proper exercise of the fact-finding authority of the Industrial Commission is to the due administration of the Workmen's Compensation Act. *The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation. They must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been properly applied to them. It is obvious that the court cannot ascertain whether the findings of fact are supported by the evidence unless the Industrial Commission reveals with at least a fair degree of positiveness what facts it finds. It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend.*

*Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 605-06, 70 S.E.2d 706, 709 (1952) (emphasis added); *see also Lane v. American Nat'l Can Co.*, 181 N.C. App. 527, 531, 640 S.E.2d 732, 735 (2007), *disc. review denied*, 362 N.C. 236, 659 S.E.2d 735 (2008) ("This Court has long held that findings of fact must be more than a mere summarization or recitation of the evidence and the Commission must resolve the conflicting testimony.") "For an injury to be compensable under the Worker's Compensation Act, the claimant must prove three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment[;]" *Hollar v. Furniture Co.*, 48 N.C. App. 489, 490, 269 S.E.2d 667, 669 (1980), accordingly, findings of fact regarding these elements are "crucial facts upon which the question of plaintiff's right to compensation depends." *Sheehan*, 150 N.C. App. at 511, 563 S.E.2d at 303; *see Hollar*, 48 N.C. App. at 490, 269 S.E.2d at 669.

In *Sheehan*, this Court recognized the importance of a factual determination as to the history of an injury in the evaluation of the credibility of medical opinions regarding the injury. 150 N.C. App. at 514, 563 S.E.2d at 305. In *Sheehan*, the plaintiff argued that

> there is no competent evidence supporting the Commission's finding that the medical evidence that tends to corroborate plaintiff's account is based on an inaccurate history provided by plaintiff. . . .
>
>          . . . .
>
> [The] [p]laintiff also assert[ed] that the history of the injury he provided to medical personnel is unrefuted and without contradiction in his medical records.

*Id.* at 511-13, 563 S.E.2d at 304-05 (quotation marks omitted). This Court determined that the Commission had not acted arbitrarily or unreasonably in making the contested finding of fact stating:

> Dr. Shaver indicated that plaintiff's condition was consistent with injury in a bulldozer accident, as plaintiff described, Dr. Shaver had no independent knowledge that such an incident occurred.
>
> Once the Commission determined that plaintiff's account of his injury was not credible, it acted within its authority in refusing to give much weight to Dr. Shaver's opinion based on the history supplied by plaintiff. Therefore, we conclude that the Commission's credibility determinations were within its discretion and its findings are supported by competent evidence.
>
> The only record evidence regarding how plaintiff injured his back consists of the account given by plaintiff and the statements of others that are based on plaintiff's account. Once the Commission rejected that account, no evidence remained indicating that plaintiff sustained his injury in a work-related accident. Accordingly the Commission did not act arbitrarily or contrary to reason in concluding that plaintiff failed to carry his burden of proving that his injury is compensable.

150 N.C. App. at 514, 563 S.E.2d at 305. Thus, in *Sheehan*, this Court concluded that the Commission could properly disregard the testimony of Dr. Shaver because his opinion was based upon plaintiff's account of his incident which the Commission had already discounted. *See id.*

Here, it is unclear which version of plaintiff's accident the Commission believed. Overall, the findings of fact seem to indicate that the plaintiff made many misrepresentations and exaggerations as to the accident and his medical condition to the doctors who evaluated him, but the Opinion and Award fails to address its assessment of plaintiff's credibility. The Commission simply states the drastically different tales but does not make any findings as to which is correct. Plaintiff made one report immediately after the accident that he was driving his vehicle which was struck while he was making a left turn, and he was not injured, but approximately two months later, plaintiff claimed "that his vehicle was stopped on the side of the road[,] and he" was getting out of it when the vehicle was struck by another vehicle traveling at 74 mph, causing him to be "thrown about the cab" and possibly losing consciousness. This is not a minor variation in the description of the accident; the two accounts are so different as to seem to be entirely different incidents, but neither party contends that plaintiff was involved in two accidents. The latter account was the one plaintiff provided to the two doctors to whose testimony the Commission "assign[ed] greater weight[.]" Furthermore, it is unclear whether the Commission properly relied on the testimony of the doctors who may have been basing their opinions upon an entirely inaccurate description of the accident. Accordingly, we remand this Opinion and Award to the Commission for further findings of fact regarding which version of plaintiff's accident the Commission believed and to re-evaluate the testimony of the doctors and its conclusions of law based upon the new findings of fact.

## III. Conclusion

As the Commission failed to make findings of fact as to the circumstances of plaintiff's accident and as the Commission relied upon the testimony of doctors who may have been provided with an inaccurate account of plaintiff's accident, we remand for further findings of fact and conclusions of law consistent with such findings.

REMANDED.

Judge CALABRIA concurs.

Judge BRYANT dissents in a separate opinion.

BRYANT, Judge, dissenting.

McADAMS v. SAFETY KLEEN SYS., INC.

[218 N.C. App. 166 (2012)]

In remanding this matter to the Industrial Commission the majority states that "further findings of fact [are needed] regarding which version of plaintiff's accident the commission believed", and orders the Commission to "re-evaluate the testimony of the doctors and its conclusions of law based upon the new findings of fact." Because I believe the record shows the Commission made findings on crucial facts necessary to support its conclusions of law, I must respectfully dissent from the majority opinion.

The majority is troubled by the seemingly disparate versions of plaintiff's descriptions of the accident. It is indeed disturbing that plaintiff provided differing accounts of the accident. However, as the majority opinion noted in great detail, the commission evaluated the disparate versions. Further, notwithstanding the different versions of the accident as reported by plaintiff, defendants admit compensability for plaintiff's work related accident and (except for a portion of one finding) do not specifically challenge the commission's findings.

The majority would remand the matter to the commission because the majority thinks "it is unclear whether the Commission *properly* relied on the testimony of the doctors who *may* have been basing their opinions upon an entirely inaccurate description of the accident." (emphasis added). I think remanding under such speculative circumstances would represent a change in the standard and extend the current limits of appellate review of decisions of the Industrial Commission. I am unaware of any appellate cases in which a decision of the Industrial commission has been reversed for failure to make findings to reconcile facts where the facts are not in dispute as to compensability of the injury. Therefore, we should be very careful not to extend our authority to areas solely reserved for the commission—credibility of the evidence. Our review is limited to determining whether the findings of fact support the conclusions of law. We may not reweigh the evidence, nor should we insist that evidence be reweighed when there is sufficient evidence to support the Commission's findings of fact and conclusions of law. *Gregory v. W.A. Brown & Sons*, 363 N.C. 750, 767, 688 S.E.2d 431, 442 (2010) (stating that "courts are not at liberty to reweigh the evidence . . . simply because other inferences could have been drawn and different conclusions might have been reached.).

It is well within the province of the Commission to accord greater weight to a doctor whose opinion is based on an accurate medical history than to a doctor whose opinion is based on inaccurate history.

*See Sheehan v. Perry M. Alexander Const. Co.*, 150 N.C. App. 506, 514, 563 S.E.2d 300, 305 (2002). Here, it is apparent the Commission gave significant weight to the medical opinions of Dr. Hill and Dr. VanNess. The Commission found the following:

> 17. On July 16, 2007, Dr. VanNess . . . diagnosed plaintiff with torticollis[.]
>
> . . .
>
> 35. Dr Hill's medical opinion is that plaintiff's condition of torticollis, migraine headaches, seizure-like spasms, as well as depression and anxiety, are all a result of plaintiff's accident on March 22, 2007.
>
> . . .
>
> 38. The Full Commission assigns greater weight to the testimony of Drs. Hill and VanNess, and less weight to the testimony of Dr. Gualtieri, Belanger, and Clodfelter.

After evaluating the evidence, setting out its findings of fact that are supported by the evidence, even though evidence to the contrary does exist, the Full Commission then concluded "by the greater weight of the evidence that plaintiff's torticollis,[and other injuries] are a consequence of his compensable injury on March 22, 2007."

Because the Commission's findings of fact and conclusions are supported by the record as discussed herein, I would affirm the Opinion and Award of the Full Commission.