WILLIAM R. NUNN, Plaintiff
v.
N.C. DEPARTMENT OF PUBLIC SAFETY
(F/K/A DEPARTMENT OF CORRECTION), Defendant

No. COA12-1307

Filed 7 May 2013

**Tort Claims Act—negligence—insufficient findings of fact—contributory negligence**

The Full Industrial Commission erred in a negligence case brought by a former prison inmate for injuries he suffered as a result of an assault by another inmate. The Commission failed to make the necessary findings to support its conclusion that there was insufficient evidence that defendant's employees breached their duty to plaintiff. On remand, the Commission must also make a finding of fact and conclusion of law regarding contributory negligence.

Appeal by defendant from Decision and Order entered 24 July 2012 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 March 2013.

*N.C. Prisoner Legal Services, Inc. by Ben Finholt and Elizabeth Albiston, for plaintiff-appellee.*

*Attorney General Roy A. Cooper, III by Associate Attorney General Adrian W. Dellinger, for the State.*

STROUD, Judge.

The N.C. Department of Public Safety[1] ("DPS" or "defendant") appeals from a Decision and Order entered 24 July 2012 awarding William Nunn ("plaintiff"), a former inmate in the Division of Adult Correction, damages for injuries he suffered as a result of an assault by another inmate at the Caswell Correctional Institution. For the following reasons, we reverse and remand for additional findings.

I. Background

Plaintiff was incarcerated at Caswell Correctional Institution ("Caswell") in Yanceyville, North Carolina, on 30 May 2006, though he has since been released. Caswell provides inmates with a canteen building where inmates can go to buy food and personal items with a canteen card. The canteen building has two windows that open twice a day to an outdoor area called the East Yard. Inmates run to the canteen when released into the yard and stand in line waiting for it to open.

On 30 May 2006, plaintiff stood in a line to buy food from one of the two canteen windows that had not yet opened. Plaintiff had been waiting in line for approximately two hours when another inmate, Mike Mitchell, approached the line of inmates and said that he wanted to get in the line ahead of some of the inmates. Plaintiff and other inmates objected, but Mitchell announced he was going to go get his canteen card. While Mitchell was away, the canteen window opened and the line tightened, so that there was little space between inmates in the line. When Mitchell came back into the yard, he approached the canteen line, began cursing, and then hit plaintiff repeatedly.

---

1. At the time of the incidents at issue in this case, the relevant department was the Department of Correction. That department has since been merged into the new Department of Public Safety. 2011 Sess. Laws 145, § 19.1. We will therefore refer to defendant as the Department of Public Safety.

Prior to this attack, there had been several other fights in the canteen lines, including a severe beating of an inmate just over three months prior to the attack on plaintiff. Caswell correctional officers had responsibility to maintain the safety and security of inmates in the area of the officer's control. Sergeant Alma Harrison testified that there was one officer who patrols the East Yard and a roving patrol that "looks over the whole yard." Plaintiff testified that he saw no officer in the canteen line area during his wait in line, during the assault, or after the assault.

Plaintiff filed an affidavit with the Industrial Commission on 14 December 2006 alleging that the Department of Correction, now known as the Department of Public Safety, through the officers on duty during his attack negligently failed to protect him from an assault by Mitchell. Plaintiff named "Lt. MacKenny, Sgt. Harriston, Sgt. Long, Officer McCollum, and Officer Carter" as the alleged negligent employees.

On 14 October 2009, Deputy Commissioner George T. Glenn, II granted plaintiff's motion to sever the issues of liability and damages. On 20 November 2009, there was an evidentiary hearing before Deputy Commissioner Glenn on liability. Deputy Commissioner Glenn, based only on the testimony of plaintiff and Sergeant Harrison, found that plaintiff had not met his burden of showing negligence and dismissed the case despite plaintiff's request to have testimony from another inmate, James Evans. On 12 January 2010, plaintiff filed a Notice of Appeal to the Full Commission. On 1 July 2010, the Full Commission issued an Order reopening the record for the testimony of inmate Evans. Evans' testimony was taken before Deputy Commissioner Robert J. Harris on 23 September 2010.

After reviewing the 2010 testimony of Evans and the 2009 testimony of plaintiff and Sergeant Harrison, the Full Commission found defendant negligent and remanded the case for a hearing on damages by Decision and Order entered 24 January 2011. On 4 February 2011, defendant filed a notice of exception to the Full Commission's Decision and Order on the issue of liability. On 24 July 2012, the Full Commission entered an amended Decision and Order finding defendant negligent, ordering payment of $12,000 in damages, and incorporating its findings and conclusions from the 24 January 2011 Decision and Order. On 23 August 2012, defendant filed its Notice of Appeal to this Court.

## II. Sufficiency of the Findings

Defendant argues that the Full Commission failed to make necessary findings to support its conclusion and that there was insufficient

evidence to support the Full Commission's conclusion that defendant's employees breached its duty to plaintiff. Defendant does not, however, specifically challenge any of the Commission's findings of fact.

> The Industrial Commission's findings of fact are conclusive on appeal when supported by competent evidence, even though there is evidence which would support findings to the contrary. Appellate review is limited to two questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the findings of fact of the Commission justify its legal conclusion and decision.

*Taylor v. North Carolina Dept. of Correction*, 88 N.C. App. 446, 448, 363 S.E.2d 868, 869 (1988) (citation omitted). "The Commission's conclusions of law are reviewed de novo." *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004) (citation omitted).

"The Tort Claims Act, G.S. 143-291, partially waives . . . sovereign immunity in cases in which the negligence of a State employee acting within the scope of his employment proximately causes injury." *Woolard v. North Carolina Dept. of Transp.*, 93 N.C. App. 214, 216, 377 S.E.2d 267, 268-69 (citation omitted), *cert. denied*, 325 N.C. 230, 381 S.E.2d 792 (1989). In a complaint under the Tort Claims Act, a plaintiff must generally name the State employees he alleges negligently caused his injury, N.C. Gen. Stat. § 143-297 (2005), and then prove that at least one of the named employees did, in fact, negligently cause his injury. *See Floyd v. North Carolina State Highway and Public Works Commission*, 241 N.C. 461, 465, 85 S.E.2d 703, 705 (1955) ("It isn't enough to say that some employee's negligence caused the injury. The claim *and the evidence* must identify the employee and set forth his act or acts of negligence which are relied upon." (emphasis added)), *overruled in part on other grounds by Barney v. North Carolina State Highway Commission*, 282 N.C. 278, 192 S.E.2d 273 (1972); *Thornton v. F.J. Cherry Hosp.*, 183 N.C. App. 177, 185, 644 S.E.2d 369, 375 (2007) (affirming the Commission's conclusion that the plaintiff's claim must fail where he failed to show that any of the named State employees were negligent), *aff'd*, 362 N.C. 173, 655 S.E.2d 350 (2008); *Register v. Administrative Office of Courts*, 70 N.C. App. 763, 766, 321 S.E.2d 24, 27 (1984) ("[T]o recover under the State Tort Claims Act, it must be shown that a negligent act of a state employee, acting in the course of his or her employment, proximately caused the injuries or damages asserted.").

NUNN v. N.C. DEP'T OF PUB. SAFETY

[227 N.C. App. 95 (2013)]

Nevertheless, a plaintiff may recover if he proves that the negligent state employee was a subordinate to one of the named employees and the affidavit provides the defendant sufficient notice to investigate the claim, even if that particular subordinate was not named in the affidavit. *See, e.g., Davis v. North Carolina Dept. of Human Resources*, 121 N.C. App. 105, 111, 465 S.E.2d 2, 6 (1995) (holding that the plaintiff could recover even though the negligent employee was not named in the affidavit where the affidavit named the employee's supervising physician), *disc. rev. denied*, 343 N.C. 750, 473 S.E.2d 612 (1996); *Cherney v. North Carolina Zoological Park*, 166 N.C. App. 684, 692-93, 603 S.E.2d 842, 847 (2004) (Timmons-Goodson, J., dissenting) (holding that the Industrial Commission must consider not only the actions of the named employees, but also those employees subordinate to the named employees, and that the complaint gave the State sufficient notice that the actions of the subordinates would be considered), *rev'd per curiam for the reasons stated in the dissent*, 359 N.C. 419, 613 S.E.2d 498 (2005).

To recover under the Tort Claims Act, a plaintiff must prove that an employee, agent, or servant of the State negligently caused his injury. *Floyd*, 241 N.C. at 465, 85 S.E.2d at 705. Therefore, to award a plaintiff compensation, the Commission must find that a particular state employee negligently acted or failed to act in a manner that caused the plaintiff's injury. *See Sheehan v. Perry M. Alexander Const. Co.*, 150 N.C. App. 506, 511, 563 S.E.2d 300, 303 (2002) ("[T]he Commission must make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends." (citation and quotation marks omitted)); *Thornton*, 183 N.C. App. at 185, 644 S.E.2d at 375.

Here, the Commission made the following relevant ultimate findings and conclusions of law:

FINDINGS OF FACT

. . . .

12. Based on the greater weight of the competent, credible evidence of record, the Full Commission finds that plaintiff's injuries are a direct result of the negligence of Department of Correction employees who failed to adequately supervise the first shift canteen line on May 30, 2006 and allowed inmate Mitchell to assault plaintiff, resulting in serious injuries.

. . . .

CONCLUSIONS OF LAW

. . . .

4.    With respect to defendant's employees' duty of reasonable care in the instant case, the evidence shows that the canteen area at Caswell was within the control of the officer assigned to the East Yard, and that it was that officer's primary responsibility to maintain the safety and security of the inmates and staff in his or her area of control. Defendant breached this duty of exercising reasonable care to protect plaintiff from harm by failing to take reasonable steps, such as posting a guard at the canteen window, a measure employed during the second shift which made fights during that shift less likely.

Plaintiff has principally relied on two theories of negligence: first, that the East Yard officer failed to make his rounds as required; and second, that the prison administrators failed to assign a sufficient number of guards to watch the yard. Although the Commission mentions the East Yard officer in its conclusion, it did not clearly find that he failed to make his required rounds or was otherwise negligent, though the findings could be read as implying that the East Yard officer was negligent. The Commission did find that defendant negligently failed to post a guard at the canteen. The Commission made no findings, however, about which employee or supervisor was responsible for such decisions, or if any employee at the prison had such authority.

We confronted a comparable, though ultimately distinguishable, situation in *Smith v. N.C. Dep't of Transp.*, 156 N.C. App. 92, 576 S.E.2d 345 (2003), where we affirmed a Decision and Order despite a finding that some unknown supervisor failed to properly instruct an employee. In *Smith*, the Commission found:

23.    The Department of Transportation employee, Brian Pleasants, who was responsible for placing signage in the general area that is the subject of this claim, was not instructed to place a warning sign at the intersection of Aviation Parkway and Highway 54. There is no physical reason why the appropriate signage could not have been placed either at the intersection in question or elsewhere on southbound Aviation Parkway.

24.    Despite being aware of the potential danger to motorists, and despite its duty to do the same, defendant through

its employees and agents failed to place adequate signage at and near the Aviation Parkway/Highway 54 intersection that would warn motorists traveling from this direction, or those motors [sic] traveling southbound on Aviation Parkway, that a potentially dangerous railroad crossing was imminent. This failure to erect adequate signage was the proximate cause of plaintiff's September 22, 1994 accident. Plaintiff's expert witness corroborates this assessment.

*Smith*, 156 N.C. App. at 100, 576 S.E.2d at 351. We held that these findings met the requirement of "a finding of a negligent act by an officer, employee, servant or agent of the State." *Id.* at 100-01, 576 S.E.2d at 351 (citation omitted).

*Smith* is distinguishable from the present case because the Commission in *Smith* specifically found that a particular employee failed to place adequate signage, even if the Commission ultimately concluded that he failed to do so because he was not properly instructed by an unknown supervisor. *Id.* In this case, by contrast, it is unclear who the Commission believed failed to post another guard at the canteen or whether any of the named employees or someone subordinate to any of the named employees even had the authority to do so. This fact is vital to plaintiff's right to compensation, *see Floyd*, 241 N.C. at 465, 85 S.E.2d at 705, but the Full Commission failed to make an adequate finding as to that fact.

Accordingly, we must remand to the Industrial Commission to make a specific finding about which of defendant's employees it believes breached defendant's duty to plaintiff. *See Sheehan*, 150 N.C. App. at 511, 563 S.E.2d at 303 ("[T]he Commission must make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends."); *Floyd*, 241 N.C. at 465, 85 S.E.2d at 705 ("The claim and the evidence must identify the employee and set forth his act or acts of negligence which are relied upon."); *Bailey v. North Carolina Dept. of Mental Health*, 272 N.C. 680, 685, 159 S.E.2d 28, 31 (1968) ("When the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings." (citation omitted)).

Additionally, the Commission failed to make any finding regarding the defense of contributory negligence. Defendant raised the issue of contributory negligence before the Deputy Commissioner, but he did not reach this issue because he concluded that plaintiff had failed

to show negligence. When the Full Commission reversed the Deputy Commissioner's decision as to negligence, it should have also addressed the issue of contributory negligence because defendant specifically raised that issue and a finding of contributory negligence would preclude plaintiff's right to recover. *Thornton*, 183 N.C. App. at 187, 644 S.E.2d at 376; *see Sheehan*, 150 N.C. App. at 511, 563 S.E.2d at 303. On remand, the Full Commission must also make a finding of fact and conclusion of law regarding contributory negligence.

REVERSED and REMANDED.

Judges ELMORE and STEELMAN concur.